# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>    Plaintiff,<br><br>  v.<br><br>EVENFLO COMPANY, INC.,<br><br>    Defendant. | Civil Action No. 18-cv-1990-RGA |

## [PROPOSED] FINAL PRETRIAL ORDER

On January 15, 2021, the Court will hold a pretrial conference pursuant to Fed. R. Civ. P. Rule 16 in C.A. No. 18-cv-1990 RGA.  Trial will begin February 1, 2021.  The parties submit for the Court's approval this proposed Pretrial Order governing the trial pursuant to District of Delaware Local Rule 16.3 and the Court's Scheduling Orders.

\* \* \*

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Plaintiff's Counsel: Plaintiff Wonderland Switzerland AG ("Wonderland") is represented by:

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

Michael J. Songer (pro hac vice)
Shamita Etienne-Cummings (pro hac vice)
Bijal Vikal (pro hac vice)
David Tennant (pro hac vice)
WHITE & CASE, LLP
701 Thirteenth Street, NW
Washington, DC  20005-3807
Phone: (202) 626-3647
michael.songer@whitecase.com
setienne@whitecase.com
bijal@whitecase.com
dtennant@whitecase.com


Defendant Evenflo Company, Inc. ("Evenflo") is represented by:

Jeremy A. Tigan (#5239)
Jennifer A. Ward (#6476)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899
(302) 658-9200
jtigan@mnat.com
jward@mnat.com

John M. Mueller (pro hac vice)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH  45202
(513) 929-3400
jmueller@bakerlaw.com

Jeffrey J. Lyons (#6437)
BAKER & HOSTETLER LLP
1201 North Market Street, 14th Floor
Wilmington, DE  19801
(302) 468-7088
jjlyons@bakerlaw.com


**I.     NATURE OF THE CASE**

Wonderland alleges Evenflo infringes United States Patent Nos. 7,862,117 ("the '117 patent"); 8,087,725 ("the '725 patent"); and 8,123,294 ("the '294 patent") (collectively, "the

asserted patents"). The operative pleadings are Wonderland's Second Amended Complaint (D.I. 53) and Evenflo's Answer to the Amended Complaint (D.I. 54).

### A. Wonderland's Claims

Wonderland has limited its assertions of infringement to claims 9 and 10 of the '117 patent, claims 1, 2, 7, 21, and 22 of the '725 patent, and claims 1, 2, 4, 6-10, and 12-16 of the '294 patent (collectively, "the asserted claims").

Wonderland asserts literal infringement of Claims 9 and 10 of the '117 patent, claims 1 and 2 of the '725 patent, and claims 1, 2, 4, 6-10, and 12-16 of the '294 patent; and infringement under the doctrine of equivalents to claims 7, 21, and 22 of the '725 patent. In the event literal infringement is not found, Wonderland alternatively alleges that Evenflo infringes claims 9 and 10 of the '117 patent, claims 1 and 2 of the '725 patent, and claims 1, 2, 4, 6-10, and 12-16 of the '294 patent under the doctrine of equivalents. Wonderland accuses the following versions of the Evenflo EveryStage car seat of infringing the asserted patents: EveryStage LX, EveryStage DLX, and EveryStage Gold (collectively, "EveryStage car seat(s)").

Wonderland further alleges that Evenflo infringes the asserted patents directly and indirectly and that Evenflo's infringement has and continues to be willful.

Wonderland seeks damages to compensate it for Evenflo's alleged acts of infringement in the form of a reasonable royalty. Wonderland also seeks injunctive relief against future acts of infringement by Evenflo under 35 U.S.C. § 283. Wonderland also seeks prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284 and Fed. R. Civ. P. Rule 54, attorneys' fees pursuant to 35 U.S.C. § 285, and enhanced damages against Evenflo.

### B. Evenflo's Answer, Defenses, and Counterclaims

On October 10, 2019, Evenflo filed its Answer and Affirmative Defenses (D.I. 54) denying infringement of the asserted patents, bother literally and under the doctrine of

equivalents, and alleging that the claims of the asserted patents are invalid. Evenflo respectfully requests that the Court enter judgment as follows: (a) that all relief requested by Wonderland should be denied; (b) that Evenflo and its EveryStage car seats have not infringed, are not infringing, and will not infringe, either literally or under the doctrine of equivalents; (c) that the asserted claims are invalid; (d) that this case is exceptional under 35 U.S.C. § 285; (e) that Evenflo be awarded its attorneys' fees, costs, and expenses in this action; and (f) that Evenflo be awarded such other further relief as this Court may deem just and proper.

### C. Claim Construction

On February 5, 2020, the Court issued a Claim Construction Order, with the following terms and constructions:

| | |
|---|---|
| "surface" | "outside layer" |
| "pivotally" / "pivoted" | "allowing a rotational movement about a point or axis" |
| "mounted" | "attached" |
| "includes" | "contains" |
| "mechanism" | "one or more parts that perform a function" |
| "direct" / "directed" / "redirects" | "to control the position of" / "controlled the position of" |
| "engagement" | "contact between elements sufficient to cause one element to affect the position or operation of the other element" |
| "connected" | "in a state of contact between elements sufficient to cause one element ot affect the position or operation of the other element" |
| "engagement portions" | "the parts of structures that interlock or mesh with other structures" |
| "against" | "in contact with" |
| "along" | "next to" |

## II. JURISDICTION

The jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction is not disputed.

### III. FACTS

#### A. Uncontested Facts[1]

The following facts are not disputed and have been agreed to and stipulated to by the parties:

1. Wonderland is a corporation limited by share ownership (AG) duly organized and existing under the laws of Switzerland, having its principal place of business at Beim Bahnhof 5, 6312 Steinhausen, Switzerland.

2. Evenflo is a Delaware corporation having its principal place of business at 225 Byers Road, Miamisburg, Ohio 45342-3614.

3. The parties do not contest that the Court has personal jurisdiction over the parties solely for the limited purpose of this action only.

4. The United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,862,117, entitled "Head Rest and Harness Adjustment for Child Seat," on January 4, 2011.

5. Wonderland is the owner of all substantial rights, title and interest in and to the '117 patent, including the right to sue for infringement.

6. The PTO issued U.S. Patent No. 8,087,725, entitled "Head Rest and Harness Adjustment for Child Car Seat," on January 3, 2012.

7. The '725 patent is a continuation of the '117 patent.

8. Wonderland is the owner of all substantial rights, title and interest in and to the '725 patent, including the right to sue for infringement.

9. The PTO issued U.S. Patent No. 8,123,294, entitled "Harness Storage System for Child Car Seats," on February 28, 2012.

---

[1] This list may be supplemented upon resolution of the parties' outstanding motions.

10. Wonderland is the owner of all substantial rights, title and interest in and to the '294 patent, including the right to sue for infringement.

11. Wonderland filed this lawsuit on December 14, 2018.

12. Evenflo has made, used, sold, and offered for sale Evenflo EveryStage car seats in the United States.

13. The EveryStage car seats are specifically designed to operate in a vehicle seat.

14. Evenflo is aware that customers in the United States use the EveryStage car seats in a vehicle seat.

15. Evenflo intentionally encourages customers in the United States to use the EveryStage car seats in a vehicle seat.

16. Evenflo provides its customers instructions in the installation and/or operation of the EveryStage car seats in customers' vehicle seats.

17. Evenflo provides its customers assistance in the installation and/or operation of the EveryStage car seats in customers' vehicle seats.

18. The EveryStage car seats are not staple articles of commerce.

19. Legible copies of the asserted patents and their respective file histories shall be deemed admitted into evidence in lieu of certified copies thereof.

20. The statements and depictions presented at the following uniform resource locator ("URL") locations are true and accurate:

http://www.evenflo.com/car- seats/us_everystage.html?cgid=car-seat#start=3.

https://www.evenflo.com/car- seats/39212236.html?cgid=car-seat

https://www.evenflo.com/car-seats/triumph/us_triumph.html?dwvar_us triumph_fashion=38211712&cgid=car-seat-convertible#start=6

https://www.evenflo.com/on/demandware.static/-/Sites- evenflo-Library/default/dw2c7a0d91/instruction-manuals/car-seats/convertible/25706664-Triumph-EN.pdf

Evenflo Triumph LX Convertible Car Seat Product Knowledge SD Video (https://youtu.be/W5NekWlzLO0)

https://www.evenflo.com/car-seats/us_symphony.html?cgid=car-seat-convertible#start=3

https://www.evenflo.com/on/demandware.static/-/Sites-evenflo-Library/default/dwbbcac147/instruction-manuals/car-seats/convertible/25701026-Symphony-EN.pdf

Evenflo Symphony DLX All-In-One Car Seat Video (https://youtu.be/ntVITJb7uZU)

https://www.babyjogger.com/en-US/city-view

http://s7d2.scene7.com/is/content/GracoBaby/NWL0000706217C-City-View-ENGpdf

https://www.evenflo.com/car-seats/39212236.html

https://www.albeebaby.com/graco-smart-seat-all-in-one-car-seat-rosin.html

https://www.gracobaby.com/en-US/2074607

https://www.evenflo.com/sensorsafe/sensorsafe.html

https://www.nhtsa.gov/equipment/car-seats-and-booster-seats

https://www.nhtsa.gov/sites/nhtsa.dot.gov/files/documents/carseat-recommendations-for-childrenby-age-size.pdf

https://www.grandviewresearch.com/industry-analysis/baby-car-seat-market

https://carseat.org/Legal/FMVSS213.pdf

https://www.calspan.com/crs-in-us-market/

https://www.statista.com/statistics/1065499/baby-car-seat-market-size-us/

https://www.statista.com/statistics/1065594/baby-car-seat-market-size-us-by-distribution-channel/

https://www.gracobaby.com/en-US/about-us#historySection

https://www.gracobaby.com/en-US/about-us

https://www.gracobaby.com/en-US

https://www.gracobaby.com/en-US/where-to-buy

https://www.gracobaby.com/en-US/about-us#awardsSection

https://www.babylist.com/hello-baby/best-convertible-car-seats

https://ir.newellbrands.com/

https://www.evenflo.com/home?cgid=evenflo

https://www.evenflo.com/news/news-2014-06-06a.html

https://www.gbinternational.com.hk/en-en/company/overview

https://www.evenflo.com/news/news-2014-06-06a.html

https://www.evenflo.com/car-seats/39212236.html

https://www.evenflo.com/support/faq.html

https://www.statista.com/statistics/1065499/baby-car-seat-market-size-us/

https://www.evenflo.com/car-seats/accessories/

https://marketingland.com/survey-surprise-90-of-consumers-report-being-brand-loyal-248401

https://www.babylist.com/hello-baby/best-convertible-car-seats

https://parentingpod.com/best-safest-convertible-car-seats/

https://bestcarseathub.com/best-top-rated-car-seats/

https://www.safety.com/car-seats

https://mommyhood101.com/best-convertible-car-seats

https://www.evenflo.com/on/demandware.static/-/Sites-evenflo-Library/default/dw1a434ad9/Instruction%20Manuals/Inst%20Maestro%20En-25706663.pdf, p.14

https://bestcarseathub.com/reviews/graco-4ever-all-in-one/

https://carseatblog.com/about-us/

https://carseatblog.com/44878/evenflo-everystage-dlx-all-in-one-carseat-preview/

https://csftl.org/about-us/

https://csftl.org/evenflo-everystage-review/

https://www.statista.com/statistics/1065499/baby-car-seat-market-size-us/

https://www.evenflo.com/car-seats/convertible/

https://www.youtube.com/watch?v=feenFIUXstw

21. The PTO issued U.S. Patent No. 6,695,412 ("Barger"), titled "Car Seat With An Adjustable Harness," on February 24, 2004.

22. The PTO issued U.S. Patent No. 7,246,854 ("Dingman"), titled "Child Vehicle Seat Having An Adjustable Harness System," on July 24, 2007.

23. The PTO published U.S. Patent Application No. 2009/0127902 ("Meeker"), titled "Child's Car Seat Harness Storage System," on May 21, 2009.

24. The Japanese Patent Office published patent application 3 127 638 ("Nakagawa"), titled "Child Seat Integrated Vehicle Seat," on November 10, 2000.

### B. Contested Facts

Wonderland's Statement of Contested Facts is attached as **Exhibit A**.

Evenflo's Statement of Contested Facts, with a brief statement of what Evenflo intends to prove at trial, is attached as **Exhibit B**.

Should the Court find that any of the issues of law listed in Exhibits C and D of the Joint Pretrial Order should be considered as issues of fact, they shall be incorporated as issues in Exhibit A or B, respectively.

## IV.   ISSUES OF LAW

Wonderland's Statement of Issues of Law is attached as **Exhibit C**.

Evenflo's Statement of Issues of Law is attached as **Exhibit D**.

Should the Court find that any of the issues identified in Exhibits A and B of the Joint Pretrial Order should be considered as issues of law, they shall be incorporated as issues in Exhibit C or D, respectively.

## V.   WITNESSES

Any witness not listed will be precluded from testifying, absent good cause. In the absence of an alternative agreement among the parties, witnesses will be sequestered unless a fact witness is also a party's corporate representative at trial. Also, unless directed otherwise by the Court or the parties reach an alternate agreement, the order of presentation of evidence will follow the burden of proof: 1) Plaintiff case-in-chief on infringement and damages; 2) Defendant response on infringement and damages, and case-in-chief on invalidity and other affirmative defenses; and 3) Plaintiff response on invalidity and other affirmative defenses.

Where "live" is used in this Pretrial Order, including in the exhibits attached hereto, it shall mean "by remote means" using the agreed upon video and audio system for the remote trial.

The parties will identify by email to the opposing party the witnesses they intend to call (in the order in which the witnesses will be called), and whether those witnesses will be called live or by deposition, by 7 p.m. EST two calendar days before such witness will be called to testify. The other party shall identify any objections to such witness(es) by 7 p.m. EST the following day, and the parties shall meet and confer to resolve any objections by 10 p.m. EST

that same evening. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention for resolution the next day.

The parties agree that fact witnesses, unless they are party representatives, will be sequestered for opening statements and the testimony of fact witnesses. The parties agree that expert witnesses need not be sequestered.

Except as provided under D. Del. LR 43.1 or by express permission of the Court, once tendered for cross examination, no witness shall communicate with anyone else regarding the substance of the witness's testimony until such time as the witness is excused by the Court from that examination.

### A. List of Live Witnesses Plaintiff Expects to Call

Wonderland identifies the following trial witnesses. Wonderland reserves the right to call witnesses on Evenflo's witness list (either live or by deposition designation). Wonderland also reserves the right to call by deposition any of the witnesses identified in its deposition designations. Wonderland reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to Evenflo's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed below become unable to attend the trial or otherwise unable to provide testimony. Wonderland also reserves the right to call rebuttal witnesses. Inclusion on this list does not imply or establish that Evenflo may compel the live testimony of that witness and does not waive any objections that Wonderland may have should Evenflo seek to introduce testimony of that witness.

Wonderland expects to call for live testimony:

1. James M.F. Hutchinson
2. Renee Wang

      3.      W. Todd Schoettelkotte

      4.      Peter J. Myers

Wonderland may also call the following witness for live testimony, but reserves the right to call the witness by deposition testimony (and has so designated) if necessary.

      5.      Kerry Strzelecki

      6.      Eric Dahle

### B. List of Live Witnesses Defendant Expects to Call

Evenflo identifies the following trial witnesses. Evenflo reserves the right to call witnesses on Wonderland's witness list (either live or by deposition designation). Evenflo also reserves the right to call by deposition any of the witnesses identified in its deposition designations. Evenflo reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to Wonderland's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed below become unable to attend the trial or otherwise unable to provide testimony. Evenflo also reserves the right to call rebuttal witnesses. Inclusion on this list does not imply or establish that Wonderland may compel the live testimony of that witness and does not waive any objections that Evenflo may have should Wonderland seek to introduce testimony of that witness.

Evenflo expects to call for live testimony:

      1.      Eric Dahle

      2.      David Campbell

      3.      Melissa A. Bennis

      4.      Guy Dingman

Evenflo may also call the following witness for live testimony but reserves the right to call the witness by deposition testimony (and has so designated) if necessary.

5. Brian Pleiman

6. Alyssa Roberts

7. Jonathan Conaway

8. Andrew Davis

9. Christopher Lutz

10. Alicia Mueller

11. Ron Marsilio

12. Steven Delong

13. Amy Blankenship

C. **Testimony By Deposition**

Wonderland's Deposition Designations are attached as **Exhibit E**.

Evenflo's Deposition Designations are attached as **Exhibit F**.

With respect to those witnesses whom the parties have identified that will be called to testify live, no deposition designations or counter-designations are required.  Should a fact witness identified as testifying live become unavailable, as that term is defined by the Federal Rules of Civil Procedure and Federal Rules of Evidence, the parties may designate specific pages and lines of transcript that they intend to read or play in lieu of the witness's appearance upon reasonable notice.  The parties shall immediately notify each other in the event they have decided not to call a witness to testify live at trial.

Each party is entitled to offer testimony designated by any other party (whether as a designation or counter-designation), even if not separately listed on its own deposition designation list.

When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties agree to use deposition videos to the extent such videos exist for the depositions the parties wish to read or play at trial. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations or counter-counter-designations, the opposing parties may use such dropped testimony as counter-designations or counter-counter designations to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure.

Unless otherwise agreed between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from previously-exchanged designations by 7 p.m. EST at least four calendar days prior to the testimony being offered into the record. The parties will meet and confer by 10 p.m. EST at least two calendar days before the deposition testimony is to be played to resolve any objections to deposition testimony. Any issues that remain will be raised orally with the Court before the designations are played. Unless the Court requests otherwise, there will be no written submissions to the Court.

If deposition testimony is to be presented by video, then the party playing the designated testimony shall also serve the other party with electronic video clips of all testimony to be played

by 7 p.m. EST the calendar day before the witness is to be called at trial, subject to revision on any pending objections to be resolved by the Court.

Designated deposition testimony will be offered to the Court as designated testimony that the parties may read into the record or play by video, and such testimony will count against the party's trial presentation time.  Specifically, any affirmative designations offered by a party will count against that party's trial presentation time whereas any counter-designations by the other party will count against the party who made the counter-designation.

### D.     Impeachment

Pursuant to Fed. R. Evid. 613, deposition or other testimony or statements not specifically identified on a party's deposition designation list or exhibit list may be used at trial for the purpose of impeachment, if otherwise competent for such purpose.  The Court will rule at trial on any objections based on lack of completeness and/or lack of consistency.

### E.     Objections to Witness Testimony

Wonderland objects to any testimony from Guy Dingman that goes beyond the scope of the declaration he provided to support Evenflo's expert report as being not timely disclosed, prejudicial, and not relevant.

## VI.     EXHIBITS

Wonderland's exhibit list is attached as **Exhibit G**.

Evenflo's exhibit list is attached as **Exhibit H**.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

Any party wishing to use a demonstrative exhibit will provide a copy of such exhibit by 8 p.m. EST the night before the exhibit is intended to be used.  The parties will thereafter meet and

confer by 10 p.m. EST on the same calendar day.  Any issues that remain will be raised orally with the Court before the exhibits are presented.

### A. General Objections to Exhibits

In addition to the specific objections to Evenflo's proposed exhibits set forth in Exhibit H, for all Exhibits proffered by Evenflo, Wonderland reserves the right to object on the grounds that: (a) there is no sponsoring witness through which the exhibit will be offered; (b) the exhibit is being used with a witness who has no personal knowledge of the exhibit and/or its contents under FRE 602; (c) the exhibit is not of the type that is reasonably relied upon by experts in the particular field under FRE 703; and/or (d) the exhibit was not timely disclosed under 35 U.S.C. § 282.

## VII. DAMAGES

Wonderland will seek at trial damages in the form of a reasonable royalty pursuant to 35 U.S.C. § 284 as compensation for Evenflo's infringement of the asserted patents.  Specifically, Wonderland will seek a determination of a reasonable royalty amount of $8.00 per infringing unit sold, with a total damage amount of $845,528.  Wonderland reserves the right to seek an accounting of infringing units sold to the time of judgment so that this damage amount may be updated take into account sales since the time of calculation by Wonderland's expert through judgment.

Wonderland also seeks an award of prejudgment interest, an award of attorneys fees, and interests, costs, and disbursements under the appropriate law.  Wonderland also seeks treble damages based on Evenflo's willful infringement of the asserted patents.

Wonderland is also seeking a permanent injunction against Evenflo's sale or use of the Accused EveryStage car seat products.

## VIII. BIFURCATED TRIAL

Neither party desires a bifurcated trial.

## IX. MOTIONS *IN LIMINE*

At this time, Wonderland is not presenting any motions *in limine*. Wonderland reserves the right to assert any motions *in limine* as part of the meet and confer process leading up to the submission of the pre-trial order, in response to Evenflo's pretrial disclosures and objections, and in response to any pretrial rulings or orders from the Court.

Evenflo is presenting one motion *in limine*, filed concurrently herewith.

## X. DISCOVERY

Each party has completed discovery.

## XI. NON-JURY TRIAL

The parties have agreed to a non-jury trial. Wonderland proposes the following post-trial briefing schedule:

> Initial Briefs Due: 30 days after conclusion of testimony.
>
> Opposition Briefs Due: 20 days after Initial Brief deadline.
>
> Reply Briefs Due: 30 days after Opposition Brief deadline.

Evenflo proposes the following post-trial briefing schedule:

> Initial Briefs Due: 60 days after conclusion of testimony.
>
> Opposition Briefs Due: 40 days after Initial Brief deadline.
>
> Reply Briefs Due: 30 days after Opposition Brief deadline.

In their initial briefs, each party shall provide proposed Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form. In their initial briefs, each party shall also provide Conclusions of Law, with supporting citations.

## XII. LENGTH OF TRIAL

The trial is currently set for five days.

## XIII. AMENDMENTS TO THE PLEADINGS

Wonderland has no proposed amendments to the pleadings.

Evenflo has no proposed amendments to the pleadings.

## XIV. ADDITIONAL MATTERS

Both parties have designated materials as confidential during discovery.  Recognizing that a party seeking to seal material introduced at trial bears a heavy burden to demonstrate why such a sealing order is necessary, Wonderland's position is that the majority of documents designated with some form of confidentiality do not require the Courtroom to be sealed. Wonderland proposes that the any exhibit or testimony that a party seeks to maintain as confidential will only be held in such confidence if the matter is raised and a proffer made at the time the evidence (or discussion by counsel) is presented to the Court.

## XV. SETTLEMENT

The parties have engaged in a good faith effort to explore resolution of the controversy by settlement.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Steven J. Balick* | */s/ Jennifer A. Ward* |
| Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>Michael J. Songer<br>Shamita Etienne-Cummings<br>Bijal Vikal<br>David Tennant<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC  20005-3807<br>Phone: (202) 626-3647<br>michael.songer@whitecase.com<br>setienne@whitecase.com<br>bijal@whitecase.com<br>dtennant@whitecase.com<br><br>*Attorneys for Plaintiff* | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>Jennifer A. Ward (#6476)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jtigan@mnat.com<br>jward@mnat.com<br><br>John M. Mueller<br>BAKER & HOSTETLER LLP<br>312 Walnut Street, Suite 3200<br>Cincinnati, OH 45202-4074<br>(513) 929-3400<br>jmueller@bakerlaw.com<br><br>Jeffrey J. Lyons (#6437)<br>BAKER & HOSTETLER LLP<br>1201 North Market Street, 14th Floor<br>Wilmington, DE  19801<br>(302) 468-7088<br>jjlyons@bakerlaw.com<br><br>*Attorneys for Defendant* |