# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>　　　Plaintiff,<br>　v.<br>EVENFLO COMPANY, INC.,<br>　　　Defendant. | Civil Action No. 18-cv-1990-RGA |

**WONDERLAND'S STATEMENT OF CONTESTED FACTS**

　　The following statement of contested facts is based on the arguments Wonderland expects to make to establish infringement of the asserted patents and damages to compensate Wonderland for that infringement. This statement is also based on the parties' pleadings, documentary and testimony evidence, and Wonderland's current understanding of Evenflo's claims and defenses.

　　Wonderland reserves the right to amend or supplement this statement as part of the meet and confer process leading up to trial, in response to Evenflo's pretrial disclosures and objections, and in response to any pretrial rulings or orders from the Court. Should the Court find that any of the issues of law listed in Exhibit C of the Joint Pretrial Order should be considered as issues of fact, Wonderland incorporates those issues in this Section. Should the Court find that any issues identified in this Section as an issue of fact should be considered as an issue of law, Wonderland incorporates those issues into Exhibit C. To the extent Evenflo intends or attempts to introduce different or additional facts, Evenflo reserves its right to supplement this

1

statement and contest those facts and to present any and all rebuttal evidence in response to those arguments.

Wonderland reserves the right to present facts set forth in the pending motions and to appeal any issues identified in motions that have been decided by the Court.

For the statement of intended proof, Wonderland intends to prove each of the asserted issues of fact set forth below.

**I.     STATEMENT OF ISSUES OF FACT**

**A.     Infringement**

1. Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 9 and 10 of the '117 patent by making, using, selling, offering for sale, and/or importing the EveryStage car seats.

2. Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 1, 2, 7, 21, and 22 of the '725 patent by making, using, selling, offering for sale, and/or importing the EveryStage car seats.

3. Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 1, 2, 4, 6-10, and 12-16 of the '294 patent by making, using, selling, offering for sale, and/or importing the EveryStage car seats.

4. Whether Evenflo's infringement of the '117 patent has been willful.

5. Whether Evenflo's infringement of the '725 patent has been willful.

6. Whether Evenflo's infringement of the '294 patent has been willful.

**B.     Validity**

7. Whether the asserted references and systems are prior art to the asserted patents.

8. Whether the alleged prior art publications were publically available.

9. Whether the alleged prior art systems were publically known or used.

10. Whether the claimed inventions were reduced to practice before the priority date of any of the references asserted by Evenflo.

11. Whether the claimed inventions were conceived before the priority date of any of the prior art references asserted by Evenflo, with diligence from the prior art priority date until the inventions were reduced to practice.

12. Whether the alleged prior art renders obvious the asserted claims of the '294 patent.

13. The scope and content of the prior art.

14. The level of ordinary skill in the art.

15. The differences between the claimed inventions of the asserted patents and the prior art.

16. Whether a person of ordinary skill would be motivated to combine the references relied on by Evenflo in its obviousness combinations.

17. Whether objective evidence of non-obviousness tends to show that the asserted claims are not obvious, the extent of any proffered objective evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed invention.

18. Whether the prior art references or combinations alleged by Evenflo are enabled.

19. Whether any of the alleged prior art inherently discloses any of the asserted claim elements of the asserted patents.

### C. Damages

20. Wonderland's damages for Evenflo's infringement including the dollar amount that will compensate Wonderland for infringement of the asserted patents.

21. Whether Wonderland is entitled to costs and, if so, the dollar amount of such costs.

22. Whether Wonderland is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether Wonderland is entitled to an award of attorneys' fees.

23. Whether Wonderland is entitled to an award of prejudgment and postjudgment interest and the dollar amount of such award.

24. Whether Wonderland is entitled to enhanced damages due to Evenflo's willful infringement and, if so, the level of enhancement.

25. Whether Wonderland is entitled to an injunction against Evenflo.

26. If Wonderland is not entitled to an injunction, the appropriate royalty to compensate Wonderland for Evenflo's future infringement.

| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/* | */s/* |
| Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jtigan@mnat.com |
| Michael J. Songer<br>Shamita Etienne-Cummings<br>Bijal Vikal<br>David Tennant<br>WHITE & CASE, LLP<br>701 Thirteenth Street, NW<br>Washington, DC  20005-3807<br>Phone: (202) 626-3647<br>michael.songer@whitecase.com<br>setienne@whitecase.com<br>bijal@whitecase.com<br>dtennant@whitecase.com<br><br>*Attorneys for Plaintiff* | John M. Mueller<br>BAKER & HOSTETLER LLP<br>312 Walnut Street, Suite 3200<br>Cincinnati, OH 45202-4074<br>(513) 929-3400<br>jmueller@bakerlaw.com<br><br>Jeffrey J. Lyons (#6437)<br>BAKER & HOSTETLER LLP<br>1201 North Market Street, 14th Floor<br>Wilmington, DE  19801<br>(302) 468-7088<br>jjlyons@bakerlaw.com<br><br>*Attorneys for Defendant* |