IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1990 (RGA) |
| | ) | |
| EVENFLO COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION <u>FOR PERMANENT INJUNCTION</u>**

OF COUNSEL:

John M. Mueller
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH  45202-4074
(513) 929-3400

Jeffrey J. Lyons
BAKER & HOSTETLER LLP
1201 North Market Street, 14th Floor
Wilmington, DE  19801
(302) 468-7088

Lauren E. Douville
B. Trent Webb
Aaron E. Hankel
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
(816) 474-6550

December 9, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT | 1 |
| III. | STATEMENT OF FACTS | 2 |
| IV. | ARGUMENT | 4 |
| | A. Plaintiff Has Not Demonstrated Irreparable Harm | 5 |
| | B. Plaintiff Has Not Demonstrated That Monetary Damages Are an Inadequate Remedy | 9 |
| | C. Plaintiff Has Failed to Carry Its Burden of Proving that the Balance of Hardships Tips in Plaintiff's Favor | 11 |
| | D. Plaintiff Has Failed to Carry Its Burden of Proving the Public Interest Would Not Be Disserved By An Injunction | 11 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Cardiovascular Sys., v. Medtronic Vascular, Inc.*,
   579 F. Supp. 2d 554 (D. Del. 2008) ................................................................................ passim

*Amoco Prod. Co. v. Village of Gam, AK*,
   480 U.S. 531 (1987) ...................................................................................................................4

*Apple Inc. v. Samsung Elecs. Co.*,
   695 F.3d 1370 (Fed. Cir. 2012) ..................................................................................................6

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
   No. CV-03-0597-PHX-MHM, 2009 WL 920300 (D. Ariz. Mar. 31, 2009) ............................12

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
   802 F. Supp. 2d 555 (D. Del. 2011) .......................................................................................6, 9

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*,
   967 F.3d 1353 (Fed. Cir. 2020) ................................................................................................11

*E.I. DuPont de Nemours & Co. v. Unifrax I LLC*,
   No. 14-cv1250-RGA, 2017 WL 4004419 (D. Del. Sept. 12, 2017) ..........................................8

*eBay Inc. v. MercExchange, LLC*,
   547 U.S. 388 (2006) ........................................................................................................4, 5, 11

*Hybritech, Inc. v. Abbott Labs.*,
   849 F.2d 1446 (Fed. Cir. 1988) ................................................................................................12

*IMX, Inc. v. LendingTree, LLC*,
   469 F. Supp. 2d 203 (D. Del. 2007) .......................................................................................3, 5

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
   798 F. Supp. 2d 541 (D. Del. 2011) .........................................................................................11

*Praxair, Inc. v. ATMI, Inc.*,
   479 F. Supp. 2d 440 (D. Del. 2007) ......................................................................................5, 10

*Presidio Components Inc. v. Am. Tech. Ceramics Corp.*,
   702 F.3d 1351 (Fed. Cir. 2012) ..................................................................................................6

*Ricoh Co. v. Quanta Computer, Inc.*,
   No. 06-CV-462, 2010 WL 1607908 (W.D. Wis. Apr. 19, 2010) ............................................10

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
 No. 02-73543, 2007 WL 37742 (E.D. Mich. Jan. 4, 2007) ...............................................3, 7, 8

*Telecordia Techs., Inc. v. Cisco Sys., Inc.*,
 592 F. Supp. 2d 727 (D. Del. 2009), *aff'd in part, vacated in part, remanded*,
 612 F.3d 1365 (Fed. Cir. 2010)..................................................................................................5

*Voda v. Cordis Corp.*,
 536 F.3d 1311 (Fed. Cir. 2008)..................................................................................................8

Defendant Evenflo Company, Inc. ("Evenflo") respectfully submits its Answering Brief in Opposition to Plaintiff Wonderland Switzerland AG's ("Plaintiff") Motion for Permanent Injunction (D.I. 194) (the "Motion").

## I. NATURE AND STAGE OF THE PROCEEDINGS

From Wednesday, February 3, 2021 to Monday, February 8, 2021, the Court held a four-day bench trial on the issues of infringement, invalidity, and damages arising from Evenflo's alleged infringement of three asserted patents. (D.I. 168-171, hereinafter "Trial Tr."). On September 29, 2021, the Court issued its Memorandum Opinion, including its findings of fact and conclusions of law. (D.I. 188). Specifically, the Court found that Evenflo's manufacture and sale of its EveryStage LX, DLX, and Gold model car seats infringed Claim 9 of U.S. Patent No. 7,862,117; Claim 1 of U.S. Patent No. 8,087,725; and Claims 6 and 8 of U.S. Patent No. 8,123,294. (D.I. 188 at 7-22). Additionally, the Court found that Plaintiff had not carried its burden to show induced infringement of Claims 13 and 15 of the '294 patent (D.I. 188 at 22-23), and that Evenflo had not met its burden to prove invalidity of Claims 1, 6, 8, 10, 12, 13, and 15 of the '294 patent. (D.I. 188 at 23-29). Finally, the Court found that, of the $845,528 Plaintiff sought in reasonable royalty damages (based on Evenflo's sale of 105,691 units and a royalty rate of $8), Plaintiff was entitled to reasonable royalty damages of $343,680 due to a failure to mark (based on Evenflo's sale of 85,920 units since the complaint's filing date of December 14, 2018 and a royalty rate of $4 per unit). (D.I. 188 at 29-33).

## II. SUMMARY OF ARGUMENT

The equitable principles that govern the issuance of an injunction do not support Plaintiff's requested relief. Evenflo began selling its EveryStage LX, DLX, and Gold model car seats in 2018. Notably, when Plaintiff filed suit in December 2018, Plaintiff did not seek a preliminary injunction.

That is because Plaintiff knew then—as now—that it could not prove an irreparable injury for which legal (i.e., monetary) damages were inadequate to compensate for that alleged injury.

Plaintiff sought only reasonable royalty damages at trial. Plaintiff's decision to not pursue lost profits is an acknowledgement that Plaintiff's lost sales, if any, were not wholly attributable to Evenflo's infringement—a fact which the Court acknowledged in its Memorandum Opinion. (D.I. 188 at 32) (determining that "there needs to be apportionment . . . to account for patented versus non-patented features in the EveryStage" and apportioning the royalty rate to reflect a 60/40 ratio).

The other equitable factors also weigh against injunctive relief. Money damages can be quantified and can more than adequately compensate Plaintiff for any alleged harm. Plaintiff cannot carry its burden to show that the balance of hardships tips in Plaintiff's favor. And the public interest in making safe car seat products available to consumers weighs in favor of denying Plaintiff's motion.

### III. STATEMENT OF FACTS

Many of the facts alleged in Plaintiff's opening brief are unsupported or based on self-serving testimony, not documentary evidence such as market studies or internal documents. Even those facts that are supported are beside the point and do not justify the extreme relief Plaintiff seeks here. For example, there is no dispute that Plaintiff values its own technology and innovation. There is no dispute that Evenflo directly competes with Graco, Wonderland's customer, in a large market for all-in-one car seats. There also is no dispute that Graco commands the larger market share in the all-in-one car seat market. (Trial Tr. at 168:9-13 (Q. "What's the market share that Graco commands both at the e-tailers and the big box locations? A. Generally the Graco brand is number one in every category that we participate in at every retailer."). There likewise is no dispute that Evenflo has a business goal to take market share from its competitors

in this market (*see, e.g.,* JTX 86 at 5 & Trial Tr. at 102:21-103:8 (discussing "Taking share from Dorel & Graco")), or that Graco has the same business goal of taking market share from its competitors. (*See, e.g.,* DTX 521 & Trial Tr. at 288:7-290:3 (Graco acknowledging it has "stolen share from our competitors"); JTX 293 (Graco document showing market share by brand and by category)).

What is disputed is Plaintiff's claim that there is a causal nexus between Evenflo's infringement and Plaintiff's alleged loss of sales or loss of market share. Without proof of a nexus, Plaintiff cannot prevail. *See Advanced Cardiovascular Sys., v. Medtronic Vascular, Inc.*, 579 F. Supp. 2d 554, 558-60 (D. Del. 2008) (denying permanent injunction partly because the plaintiff could not establish that its losses were attributable to the defendant because there were three competitors in the market at issue); *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203 (D. Del. 2007) (denying permanent injunction in part due to plaintiff's failure to present evidence of irreparable harm resulting from defendant's infringement); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, No. 02-73543, 2007 WL 37742, at *2 (E.D. Mich. Jan. 4, 2007) (denying permanent injunction partly because the plaintiff could not tie alleged lost sales to the defendant's infringement). Plaintiff has no evidence of this nexus.

Rather, the evidence shows that Plaintiff's lost sales, if any, are caused by factors other than the infringement. Plaintiff's witnesses and Evenflo's witnesses testified that non-patented features—such as price, value, the extended use (Grow With Me) feature, the washability and fashion of the soft goods, and cupholders—drive sales. *See, e.g.*, Trial Tr. at 96:4- 97:4; Trial Tr. at 182:16-184:7. And the key feature that Evenflo advertised for the EveryStage was the seat's EasyClick installation, a nonpatented feature. Critically, Evenflo has not advertised or marketed the patented harness storage feature because the feature was not important to the consumer, and

Evenflo did not preferentially market the patented no-rethread adjustable headrest concept because the no-rethread feature is too difficult for a consumer to understand. Trial Tr. at 97:14-24, 133:24-134:23; Trial Tr. at 742:5-10, 744:17-25.

### IV. ARGUMENT

A verdict of infringement does not automatically require the entry of a permanent injunction. *Amoco Prod. Co. v. Village of Gam, AK*, 480 U.S. 531, 542 (1987). Section 283 of the patent statute gives a district court the discretion to grant injunctive relief. 35 U.S.C. § 283. The Supreme Court has explained that "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-94 (2006) (rejecting Federal Circuit's general presumption that injunctive relief for a winning patentee was required in patent cases and holding that issuance of a permanent injunction in patent cases requires a case-by-case assessment of the traditional equitable factors governing injunctions). The Court said:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id*. at 391. In establishing the appropriateness of injunctive relief, the burden is on Plaintiff to establish that it is entitled to the relief requested. *Id*.

The grant or denial of a permanent injunction is fact specific. *Advanced Cardiovascular*, 579 F. Supp. 2d at 558 ("Permanent injunctions in patent cases must be based on a case-by-case


assessment"). Courts routinely deny requests for injunctive relief where the patentee fails to meet its burden with the requisite factual proofs. *See, e.g., IMX*, 469 F. Supp. 2d at 224-25 ("Plaintiff, however, put forward no evidence of irreparable harm resulting from defendant's infringement, for example, market or financial data, to support its sweeping statements."); *Telecordia Techs., Inc. v. Cisco Sys., Inc.*, 592 F. Supp. 2d 727, 747-48 (D. Del. 2009), *aff'd in part, vacated in part, remanded*, 612 F.3d 1365 (Fed. Cir. 2010) ("The court is not persuaded by Telcordia's argument, especially given the fact that it is not supported by any evidence of irreparable harm due to Cisco's infringement. . . . Indeed, Telcordia's analysis of its irreparable harm is nothing more than attorney argument."); *Praxair, Inc. v. ATMI, Inc.*, 479 F. Supp. 2d 440, 443-44 (D. Del. 2007) (denying permanent injunction because the plaintiff did not provide or describe any specific sales or market data to assist the court, nor did it identify precisely what market share, revenues, and customers it had lost to the defendant).

Plaintiff has failed to meet its burden here. Plaintiff has introduced no evidence supporting its claim of irreparable harm due to Evenflo's alleged infringement. Likewise, Plaintiff has introduced no evidence of the inadequacy of money damages or otherwise met its burden of proof for the other *eBay* factors. If anything, Plaintiff's decision to seek a reasonable royalty at trial demonstrates that Plaintiff has suffered no irreparable harm and money damages are adequate to compensate Plaintiff. The Court should deny Plaintiff's Motion.

### A. <u>Plaintiff Has Not Demonstrated Irreparable Harm</u>

To prove irreparable injury, a patentee must show "that absent an injunction, it will suffer irreparable harm, and . . . that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012). Plaintiff cannot demonstrate irreparable harm because it cannot show the required causal nexus between the alleged harm and the alleged infringement. Plaintiff argues that Wonderland and

Evenflo are "direct competitors," and that "this fact alone 'strongly' suggests that irreparable harm is being caused to Wonderland." D.I. 194 at 5 (citing *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351 (Fed. Cir. 2012)).

This argument is meritless. Even if Evenflo's EveryStage car seat product competes directly with Graco's all-in-one car seat products, they are not the only competitors in the all-in-one car seat market. Indeed, the evidence adduced at trial demonstrates that the market encompasses a large number of companies offering 3-in-1 and 4-in-1 seats: Safety 1st, Evenflo, Graco, Britax, Dorel (under the Maxi-Cosi brand), Chicco, and IMMI. (JTX 470; Trial Tr. at 623:22-624:8, 772:1-773:19). Therefore, a sale to Evenflo is not necessarily the loss of a sale to Graco. *See Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 576 (D. Del. 2011). More importantly, a sale to Evenflo is not necessarily the loss of a sale to Wonderland. Indeed, Plaintiff adduced no evidence that Wonderland sells less product to Graco as a result of Graco's competition with its all-in-one car seat competitors, let alone as a result of Graco's competition with Evenflo's EveryStage product in particular.

Moreover, Plaintiff ignores that *Presidio* is distinguishable from the facts here and that competitor status is not dispositive when deciding a motion for permanent injunction. In that case, the jury found that the infringing capacitor caused the plaintiff's lost sales and awarded lost profits damages, while expressly finding a reasonable royalty not applicable, and the Federal Circuit affirmed the jury's lost profits verdict. *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1359-60, 1363-64 (Fed. Cir. 2012). Here, Plaintiff sought only a reasonable royalty at trial, not lost profits, and thus acknowledged that money damages constituted adequate compensation for Evenflo's infringement. Moreover, by seeking only a reasonable royalty and

not lost profits, Plaintiff did not have to show causation in fact and establish that, but for Evenflo's infringement, Plaintiff would have earned the profits it now claims it allegedly lost.

Courts have frequently found that irreparable harm does not exist in multi-competitor markets such as this. *See, e.g., Advanced Cardiovascular*, 579 F. Supp. 2d at 559-60; *Sundance*, 2007 WL 37742, at *2. In *Advanced Cardiovascular*, this Court declined to issue an injunction, notwithstanding the direct competitor status of the parties because of, like here: the presence of multiple competitors; the plaintiff's large market share; the infringer's smaller market share; the lack of evidence of lost sales caused by the infringement as compared to lost sales to other competitors; and the lack of evidence of any specific customer lost, or to be lost, directly as a result of continued infringing sales. *Advanced Cardiovascular*, 579 F. Supp. 2d at 559-60.

*Sundance* also supports denying Plaintiff's motion. There, the court denied a permanent injunction because: there were several competitors; a larger market presence of non-infringing versus infringing models; the infringing feature was but one of several features contained in the infringing models; the possibility that lost sales were due to a desire for the other features or were sales lost to the other competitors; and the lack of specific evidence tying any lost sales to the infringement. *Sundance*, 2007 WL 37742, at *2.

More importantly, Plaintiff has not proven that it will suffer irreparable harm based on its unsupported claim that Evenflo's ongoing infringement "allows it to drive consumer demand for the patented features to its infringing products instead of to Wonderland's or Graco's products." D.I. 194 at 5. Again, a sale to Evenflo is not necessarily the loss of a sale to Graco, let alone to Plaintiff. Plaintiff does not cite *any* evidence that Evenflo's inclusion of the patented features in the accused EveryStage product drives consumers to purchase the product. Plaintiff also does not cite *any* evidence that any patented features in Evenflo's product drives consumers to purchase the

7

EveryStage product *instead of* Wonderland's or Graco's products. As shown at trial, the infringing features (harness storage and headrest/harness adjust feature) were but two of many features contained in the infringing EveryStage product, and Evenflo presented credible testimony that the EasyClick, rather than any infringing features, influence customer purchasing decisions. Where there are numerous competitors and numerous product features, as here, courts do not find irreparable harm. *See Advanced Cardiovascular*, 579 F. Supp. 2d at 558-60; *Sundance*, 2007 WL 37742, at *2.

For this reason, Plaintiff's repeated citation to this Court's decision in *E.I. DuPont de Nemours & Co. v. Unifrax I LLC*, No. 14-cv1250-RGA, 2017 WL 4004419 (D. Del. Sept. 12, 2017), is inapposite. In *DuPont*, the defendant was the plaintiff's only competitor in the market and thus the defendant's "presence in the market directly reduced Plaintiff's sales." *Id*. at *4. As the Court noted, "[t]his reduction in sales reflects a causal nexus relating the harm to the infringement." *Id*. at *5. As a result, the Court found there was sufficient evidence establishing irreparable harm to the plaintiff. *Id.* Here, by contrast, Plaintiff failed to adduce any evidence of a causal nexus relating the harm to the infringement, i.e., there is no evidence that sales to Evenflo would have been made by Graco, let alone by Wonderland, but for the infringement.[1]

In sum, Plaintiff failed to adduce evidence at trial that it lost sales or lost market share *due to Evenflo's infringement*, as opposed to sales lost to competitors other than Evenflo or due to customers' desire for other non-patented features. *See Belden Techs.*, 802 F. Supp. 2d at 576. Conversely, the evidence shows that Evenflo did not market the patented features, including the

---

[1] Plaintiff improperly relies on alleged irreparable harm *to Graco*, rather than itself, from Evenflo's infringing activity. *See Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008) (upholding a district court's denial of a permanent injunction where the patentee "had attempted to prove irreparable injury by alleging irreparable harm to his exclusive licensee, rather than himself").

8

harness storage or headrest/harness adjust feature, and instead emphasized nonpatented features in its marketing. (Trial Tr. at 731:18-744:25, 813:10-814:8; D.I. 188 at 32 (citing Trial Tr. at 742:4-10)). The Court recognized this in its Memorandum Opinion, noting "the little emphasis Defendant has put on marketing the patented features," agreeing with Evenflo that there must be apportionment of the royalty rate figure, and "disagree[ing] with Plaintiff's assessment that the entire difference in profitability should be attributed to the patented features." (D.I. 188 at 32).

### B. Plaintiff Has Not Demonstrated That Monetary Damages Are an Inadequate Remedy

Plaintiff argues that monetary damages are not an adequate remedy because they cannot compensate Plaintiff "for the loss of market share." D.I. 194 at 8. Yet, the record is entirely void of any evidence that Plaintiff has in fact lost market share as a result of Evenflo's infringement.

Plaintiff has offered no evidence showing a loss of market share for Graco's patent-practicing car seat, the Graco 4Ever. Wonderland only attempted to offer evidence that the Graco 2-in-1 Extend2Fit convertible seat, which is not alleged to practice the patent, has lost share. (Trial Tr. at 103:4-104:1) (noting that Evenflo's intent was to take market share from the Graco 2-in-1 Extend2Fit convertible seat, not the Graco 4Ever seat selling at a much higher price point, and further noting "the EveryStage has not been successful in taking much market share at all"); DTX 507 & Trial Tr. at 188:22-191:3 (showing that the Graco Extend2Fit convertible car seat is not identified in Plaintiff's interrogatory response as embodying or practicing any claim of any asserted patent). In fact, the evidence at trial showed Graco increased its market share in toddler car seats even after Evenflo introduced the EveryStage in 2018. (Trial Tr. at 193:10-194:4 (discussing JTX 293 and the increases in Graco market share in toddler car seats from fiscal year 2017 to 2018 and fiscal year 2018 to 2019)). And while Graco's market share declined slightly in 2019, Plaintiff failed to adduce evidence that this decline in market share was tied to Evenflo's

9

infringement, as discussed *supra*. Plaintiff also failed to adduce evidence that *Wonderland* lost sales or share.

Additionally, Plaintiff contends that, "because the patented products are designed to have an extended lifespan," the inadequacy of money damages is "even more acute" and the consequences resulting from infringement are "far more prejudicial than just a simple 'but for' lost sale." D.I. 194 at 9. But this conclusion is without basis. When Graco loses a sale of an all-in-one car seat to Evenflo or another competitor, Graco is losing only one sale. Plaintiff's harm is not any greater simply because the consumer will use the product longer.

Finally, Plaintiff does not explain why the reasonable royalty calculation done for trial, which accounted for past damages, could not also be done post-trial to account for future damages. Plaintiff's argument "is undermined by the trial in this case, in which plaintiff seemed to have little difficulty proposing a reasonable royalty rate to the jury for past infringement." *Ricoh Co. v. Quanta Computer, Inc.*, No. 06-CV-462, 2010 WL 1607908, at *3 (W.D. Wis. Apr. 19, 2010) (rejecting argument that ongoing reasonable royalty rate could not feasibly be calculated); *see also Praxair*, Inc., 479 F. Supp. 2d at 444 ("Praxair has not explained why it may have 'difficulties calculating damages going forward,' nor how money damages could not adequately compensate for 'lost market share' or any 'lost research opportunities.'").

Given the absence of evidence of lost sales or market share due to Evenflo's infringement, the absence of evidence that Plaintiff's harm is "more acute" due to the extended life span of the product, and given that Plaintiff sought only reasonable royalty damages at trial, Plaintiff has not sustained its burden to show that money damages in the form of a reasonable royalty are not an adequate remedy for any future infringement of the asserted patents. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 564 (D. Del. 2011).

### C. **Plaintiff Has Failed to Carry Its Burden of Proving that the Balance of Hardships Tips in Plaintiff's Favor**

Plaintiff argues that it will suffer hardship because "Evenflo's continued infringing presence deprives Wonderland of the right to enjoy the benefit of its invention" and "[r]equiring a patentee to compete against its own patented invention imposes a substantial hardship." D.I. 194 at 9-10.  In *eBay*, the Supreme Court indicated that the right to exclude alone is not sufficient to support a finding of injunctive relief and that such relief "may issue only in accordance with the principles of equity" under § 283 of the Patent Act.  *See eBay*, 547 U.S. at 392 (internal quotations omitted).  Here, equity dictates that injunctive relief should be denied.  As discussed *supra*, Plaintiff has no evidence that Evenflo's use of Plaintiff's intellectual property has irreparably harmed Plaintiff or Graco or that the harm cannot be remedied in the form of monetary damages for any future infringement of the asserted patents.

### D. **Plaintiff Has Failed to Carry Its Burden of Proving the Public Interest Would Not Be Disserved By An Injunction**

"The touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1378 (Fed. Cir. 2020) (citation and brackets omitted).

Plaintiff has failed to carry its burden of proving that the public interest would not be disserved by the entry of a permanent injunction.  While the protection of Plaintiff's patent rights is important, this factor weighs against granting injunctive relief where the product at issue is of unusual social benefit. *See, e.g., Advanced Cardiovascular*, 579 F. Supp. 2d at 561 (denying permanent injunction where there was a strong public interest in maintaining diversity in the coronary stent market); *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1988) (denying permanent injunction for some of the defendant's products, including its cancer and

hepatitis kits). Here, the social benefit of the EveryStage car seat is obvious: offering a more affordable car seat to the market that promotes the health and safety of children in the event of a car accident. An immediate injunction here would adversely affect the public and run contrary to the significant public interest in the health and safety of children.

In considering whether to grant a permanent injunction following a jury verdict of infringement in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, No. CV-03-0597-PHX-MHM, 2009 WL 920300 (D. Ariz. Mar. 31, 2009), the court spoke of its task "sitting in equity" to "weigh[ ] the utility of [the infringing] products against potential harm to public health, and in doing so, [to] focus on the practical consequences . . . of granting Plaintiffs' requested remedy." *Id.* at *8:

> [T]he values of the Patent Act and the protections that it offers to the patentee are sometimes outweighed by the Court's equitable concern for the greater public good. . . . . The Court therefore declines to enjoin [the infringer] from continued production and sales of its [product], finding that Plaintiffs' remedy at law provides adequate compensation under the meaning of Patent Act, particularly when viewed in light of the public interest served by [the infringer's] continued infringement. . . .

*Id.* Although the consequences of enjoining the EveryStage car seat are not as grave as in *Bard*, which involved "potentially life saving technologies," the consequences here involve removal of a more affordable all-in-one car seat option from the market during a time beset by supply chain issues and shortages. (Trial Tr. at 91:17-92:1, 267:11-20) (noting that EveryStage product includes the patented features at a lower price point). The adverse effect of an injunction here is sufficiently important that the public interest would be disserved if an injunction were to be entered.

Accordingly, Plaintiff has failed to carry its burden of proving the public interest would not be disserved by an injunction.

## V. CONCLUSION

For the reasons stated above, no injunction is warranted, and Plaintiff's motion for a permanent injunction should be denied.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | _____ |
|  | Jack B. Blumenfeld (#1014) |
| John M. Mueller | Jeremy A. Tigan (#5239) |
| BAKER & HOSTETLER LLP | 1201 North Market Street |
| 312 Walnut Street, Suite 3200 | P.O. Box 1347 |
| Cincinnati, OH 45202-4074 | Wilmington, DE 19899 |
| (513) 929-3400 | (302) 658-9200 |
|  | jblumenfeld@morrisnichols.com |
|  | jtigan@morrisnichols.com |
| Jeffrey J. Lyons |  |
| BAKER & HOSTETLER LLP |  |
| 1201 North Market Street, 14th Floor | *Attorneys for Defendant* |
| Wilmington, DE 19801 |  |
| (302) 468-7088 |  |

Lauren E. Douville
B. Trent Webb
Aaron E. Hankel
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

December 9, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick, Esquire<br>Andrew C. Mayo, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Shamita Etienne-Cummings, Esquire<br>David M. Tennant, Esquire<br>Noah A. Brumfield, Esquire<br>ALLEN & OVERY LLP<br>1101 New York Avenue, NW<br>Washington, DC  20005<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Bijal Vakil, Esquire<br>Eric E. Lancaster, Esquire<br>ALLEN & OVERY LLP<br>530 Lytton Avenue, 2nd Floor<br>Palo Alto, CA  94301<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

> */s/ Jeremy A. Tigan*
>
> _____
> Jeremy A. Tigan (#5239)