IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WONDERLAND SWITZERLAND AG,

                Plaintiff,

      v.

EVENFLO COMPANY, INC.,

                Defendant.

C.A. No. 18-1990-RGA

MEMORANDUM ORDER

Before me is Plaintiff's post-trial motion for a permanent injunction. (D.I. 193). I have
reviewed the parties' briefing. (D.I. 194-196). For the reasons set forth below, Plaintiff's motion
is DENIED.

## I.    BACKGROUND

Plaintiff Wonderland Switzerland AG filed suit against Defendant Evenflo Company, Inc. on
December 14, 2018, asserting infringement of U.S. Patent Nos. 7,862,117 ("the '117 Patent"),
8,087,725 ("the '725 Patent"), and 8,123,294 ("the '294 Patent") (collectively, "the Asserted
Patents"). (D.I. 1). Plaintiff argued that the LX, DLX, and Gold models of Defendant's
EveryStage car seats ("the Accused Products" or "the EveryStage Products") infringe claims 1, 6,
8, 10, 12, 13, and 15 of the '294 patent, claim 1 of the '725 patent, and claim 9 of the '117 patent
(collectively, "the Asserted Claims"). (D.I. 176 at 1).

The '117 and '725 Patents share a common specification. (D.I. 1-1, Ex. A, B). The Asserted
Claims of these Patents are directed to "transporting children in an automobile" using a
"positionally adjustable head rest cooperable with a movable harness that relocates in response to

1

the positional adjustment of the head rest." (*Id.*, Ex. A, at 2:47-51). The Asserted Claims of the '294 Patent are directed to "a harness storage system in a child's car seat to allow [a] five-point harness to be stowed out of the way without requiring the harness to be removed from the car seat shell." (*Id.*, Ex. C. at 2:13-16).

I held a remote bench trial from February 3 to 8, 2021.[1] (D.I. 168-171). I found that Defendant's Accused Products infringe claims 6 and 8 of the '294 Patent, claim 1 of the '725 Patent, and claim 9 of the '117 Patent (the "Adjudged Claims"). (D.I. 188 at 34). I also found that claims 6 and 8 of the '294 Patent are not invalid, and that Plaintiff was entitled to $343,680 in reasonable royalty damages. (*Id.*).

Plaintiff requests that this court permanently enjoin Defendant "from infringing the Adjudged Claims, including by making, using, offering to sell, and selling the infringing EveryStage Products in the United States, until the respective expiration of each Asserted Patent." (D.I. 193-1 at 2).

## II.    LEGAL STANDARD

Courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between

---

[1] I cite to the trial transcript as "Tr."

the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*

### III.   DISCUSSION

For the following reasons, I find that Plaintiff has not satisfied the *eBay* factors in support of its proposed permanent injunction.   (D.I. 193-1).

### A.  Irreparable Injury

To prove irreparable injury, "a patentee must establish both of the following requirements: 1) that absent an injunction, it will suffer irreparable harm, and 2) that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012) ("*Apple I*").

First, I previously held that "the parties are direct competitors in the industry of the patented invention."   (D.I. 188 at 33; *see also* Tr. at 169:16-22, 267:7-20; 560:22–561:5, 805:8-10). Specifically, the parties do not dispute that Graco and Defendant directly compete in the car seat market.   (*See* D.I. 195 at 2 (Defendant agreeing, "There is no dispute that Evenflo directly competes with Graco, Wonderland's customer in a large market for all-in-one car seats.")). Additionally, Plaintiff is the exclusive manufacturer of car seats sold by Graco in the United States. (*See* Tr. at 176:13-23).   Thus, if Graco loses a sale of a car seat, Plaintiff also loses a sale.   (*See id.*).

Defendant appears now to dispute whether the parties are direct competitors.   (D.I. 195 at 8 n.1).   But "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 (3d Cir. 1997).   While I recognize that the relationship between the parties is not the norm in patent litigation, I find the competition between the parties—where lost sales for Graco are lost sales for

Plaintiff—suggests that Plaintiff could suffer irreparable harm. "Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013).

Plaintiff argues that Defendant's sales of the EveryStage Products also cause irreparable harm by reducing Plaintiff's market share. (*See* D.I. 194 at 5-6). For example, Renee Wang, Managing Director at Wonderland Switzerland, testified that Defendant's EveryStage car seat entered the U.S market "in the middle of 2018[,]" and that "the entry of the EveryStage car seat into the U.S. market affected Wonderland's sales of car seats[.]" (Tr. at 271:3-5, 272:8-10). Specifically, Wang testified regarding Graco's market share for all-in-one car seats, "I believe in the beginning of '17, [this market was] kind of like growing, but in '19 it's kind of like dropping. That's what I remember. But if you want to ask me detailed number, I don't have." (Tr. at 289:13-291:17, 290:12-15; *see also* Tr. at 272:8-273:6, 285:12-286:11; JTX 25). Given the relationship between Plaintiff and Graco, Plaintiff's market share would decrease accordingly. Defendant disagrees, arguing that, while there "is no dispute that Evenflo has a business goal to take market share from its competitors," "they are not the only competitors in the all-in-one car seat market," and, "Plaintiff adduced no evidence that Wonderland sells less product to Graco as a result of Graco's competition[.]" (D.I. 195 at 2, 6-7; *see* Tr. at 623:22-624:8, 772:1-773:19 (describing other competitors in the all-in-one car seat market)).

I agree with Defendant and find that Plaintiff has not sufficiently shown a loss in market share, and also has not shown that Defendant's infringement caused any loss in market share. For example, while Wang testified that, following the release of the EveryStage products in 2018, Graco's share of the all-in-one car seat market was "kind of like dropping," I find this to provide

4

only conclusory evidence that is insufficiently supported by actual data.   Further, Plaintiff

provides insufficient evidence that the release of the EveryStage Products caused any of Graco's

loss in market share, particularly when considering that the market for all-in-one car seats includes

many additional companies that are not parties in this litigation.   (*See* Tr. at 623:22-624:8, 772:1-

773:19).   "As plaintiffs and defendants are not the only competitors in this multi-supplier market,

defendants' infringement has not necessarily affected plaintiffs' market position."   *Belden Techs.*

*Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 577 (D. Del. 2011); *but cf. Robert*

*Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151 (Fed. Cir. 2011) ("While the existence of a

two-player market may well serve as a substantial ground for granting an injunction—e.g., because

it creates an inference that an infringing sale amounts to a lost sale for the patentee—the converse

is not automatically true.") (cleaned up).

Plaintiff further argues that Defendant's sales of the EveryStage Products cause irreparable

harm due to damage to its reputation as an innovative company and consumer tendencies to stick

with a single brand.   (D.I. 194 at 6-8).   Particularly, Wang testified that "when consumer[s] …

start to choose Evenflo car seats, they might also choose other products. … So if they also buy

other EvenFlo products, … we are not only losing the business of the car seat, we are also losing

other product business like play yard[s] or stroller[s]."   (Tr. at 272:16-273:6; *see also* 273:13-23

(describing damage to Plaintiff's reputation when other companies use Plaintiff's technology to

manufacture all-in-one car seats), 295:11-21 (describing Plaintiff's general policy not to license

its patented technology to competitors)).   In reviewing the record, however, I see no evidence that

Plaintiff manufactures Graco's play yards or strollers and, thus, Plaintiff has not shown that it

would be harmed if Graco lost sales of these items.   Moreover, I generally find Wang's testimony

about reputation loss, while sincere, to be unconvincing and conclusory.   For these reasons, I do

not find that Plaintiff has sufficiently shown irreparable harm resulting from reputation loss or the potential for lost sales in related markets.

While the competition between the parties suggests that Plaintiff could suffer irreparable harm, weighing the evidence, I find that Plaintiff failed to establish that it will suffer irreparable harm absent a permanent injunction.

Second, because I find that Plaintiff failed to establish that it will suffer irreparable harm, I need not consider whether Plaintiff has shown that there is a sufficiently strong causal nexus that relates the alleged harm to the proven infringement.

For these reasons, I find that Plaintiff has not suffered an irreparable injury.

## B. Remedies Available at Law

Plaintiff must show that damages are inadequate to compensate for Defendant's infringement. *See eBay*, 547 U.S. at 391.

Plaintiff argues that damages are inadequate to compensate for Defendant's infringement because Plaintiff has lost market share due to Defendant's sales of the EveryStage Products, where the effects of these lost sales are compounded due to consumer tendencies to buy other children's products from the same brand. (D.I. 194 at 8-9 (citing Tr. at 272:16-273:23); *see also* D.I. 194 at 9 (Plaintiff noting that its policy not to license its patents to others is consistent with a finding that monetary damages would be inadequate to remedy Defendant's infringement)). Defendant disagrees and argues that there is no evidence of lost market share. (D.I. 195 at 9-10).

For the reasons addressed in Section III.A, I find that Plaintiff has not shown that it would lose market share due to Defendant's infringement, that it would lose sales of other children's products, or that it has suffered reputation loss. Thus, considering the evidence, I find that Plaintiff has not shown that damages are inadequate to compensate for Defendant's infringement.

## C. Balance of Hardships and Public Interest

In view of my conclusions on irreparable harm and the remedies available at law, I need not make any findings concerning the additional factors Plaintiff must establish when moving for a permanent injunction

## IV.    CONCLUSION

Plaintiff's post-trial motion for a permanent injunction (D.I. 193) is **DENIED**.

IT IS SO ORDERED this 5th day of July 2022.

United States District Judge