IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>Plaintiff,<br><br>v.<br><br>EVENFLO COMPANY, INC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 18-1990-RGA<br>)<br>)<br>)<br>) |

# FINAL JUDGMENT

The Court issued a Memorandum Opinion (D.I. 152) and Order (D.I. 153) on the Plaintiff's motion for summary judgment (D.I. 113) and Defendant's motion for summary judgment (D.I. 108) on January 5, 2021. The Court then conducted a four-day bench trial on February 3, 4, 5, and 8, 2021, and issued a Memorandum Opinion on September 29, 2021 (D.I. 188). The Court thereafter decided Plaintiff's post-trial motion for a permanent injunction on July 5, 2022 (D.I. 200).

Now therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows, for the reasons set forth in the Memorandum Opinions, and further to all prior rulings, orders, judgments, and findings:

Pursuant to the Memorandum Opinion (D.I. 152) and Order (D.I. 153) on the parties' motions for summary judgment:

1. Judgment is entered in favor of Plaintiff, and against Defendant, that U.S. Patent No. 8,123,294 ("the '294 patent"), U.S. Patent No. 8,087,725 ("the '725 patent"), and U.S. Patent No. 7,862,117 ("the '117 patent") are not invalid.

2.  Judgment is entered in favor of Defendant, and against Plaintiff, that Defendant has not infringed claims 7, 21 or 22 of the '725 patent.

Pursuant to the proceedings at trial and the Memorandum Opinion issued after trial (D.I. 188):

3.  Judgment is entered in favor of Plaintiff, and against Defendant, that Defendant's EveryStage LX, DLX, and Gold models of car seats (the "Accused Products") infringe claims 6 and 8 of the '294 patent, claim 1 of the '725 patent, and claim 9 of the '117 patent.

4.  Judgment is entered in favor of Defendant, and against Plaintiff, that Defendant has not induced infringement of claims 13 and 15 of the '294 patent.

5.  Judgment is entered in favor of Plaintiff, and against Defendant, that the '294 patent is not invalid for obviousness.

6.  Judgment is entered in favor of Plaintiff, and against Defendant, that Plaintiff is entitled to damages in the amount of $343,680.

7.  Judgment is entered in favor of Defendant, and against Plaintiff, that there is no willful infringement on the part of Defendant.

Pursuant to the Memorandum Order (D.I. 200) on Plaintiff's post-trial motion for a permanent injunction:

8.  Judgment is entered in favor of Defendant, and against Plaintiff, that Plaintiff's post-trial motion for a permanent injunction is denied.

It is further hereby ORDERED, ADJUDGED, AND DECREED that:

9.  In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any

motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within 30 days after the final disposition of any such appeal.

10. In the event that no party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within 30 days after the expiration of the time for filing a notice of appeal under the Federal Rules of Appellate Procedure.

/s/ Richard G. Andrews
_____
United States District Judge

Dated: 9/1/2022