IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-1990-RGA |
| EVENFLO COMPANY, INC., | : | |
| Defendant. | : | |

**ORDER**

There is pending a motion to correct final judgment under Rule 60(a). (D.I. 206).

After a bench trial and post-trial briefing, I resolved a patent case in favor of Plaintiff. (D.I. 188). After I denied Plaintiff's motion for a permanent injunction (D.I. 200), I requested the parties submit a proposed final judgment (D.I. 201). They did. (D.I. 203). I signed it the same day, with no changes. (D.I. 204). It provided, in ¶ 6, "Judgment is entered in favor of Plaintiff, and against Defendant that Plaintiff is entitled to damages in the amount of $343,680."

Three weeks later, Plaintiff filed the instant motion. Plaintiff wanted to add language to ¶ 6, so that it would now read, "Judgment is entered in favor of Plaintiff, and against Defendant that Plaintiff is entitled to damages in the amount of $343,680 for the 85,920 units sold through trial, as well as a $4 per unit royalty on all subsequent sales of the infringing products during the life of the infringed patents." (D.I. 206-1, Exh. B at ¶ 6).

The parties have now briefed the pending motion. (D.I. 206, 209, 213).

Federal Rule of Civil Procedure 60(a) provides: "The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Unfortunately for Plaintiff, I cannot agree that what it wants to correct is a clerical mistake or a mistake arising from oversight or omission.[1] Plaintiff never moved for ongoing royalties and I never found what an appropriate ongoing royalty would be.[2] In connection with the denial of the motion for a permanent injunction, I did state generally, "Plaintiff has not shown that damages are inadequate to compensate for Defendant's infringement." (D.I. 200 at 6). That is not the same thing as finding that $4 per unit would be a reasonable on-going royalty.

It may be that Defendant has been willfully infringing the patents for some period of time since the trial, or my trial decision, but that is not grounds for invoking Rule 60(a).

The motion (D.I. 206) is **DENIED**.

IT IS SO ORDERED this 19th day of April 2023.

                                                              /s/ Richard G. Andrews
                                                              United States District Judge

---

[1] If what Plaintiff sought was to add the first part of the additional language—"for the 85,920 units sold through trial"—that would present a different issue, because I expressly found that the $343,680 was based on the sale of 85,920 units. (D.I. 188 at 33).
[2] In other cases, I have had such motions and made such findings. *See, e.g., Vectura Ltd. v. GlaxoSmithKline LLC*, 2019 WL 4346502, at *6-8 (D.Del. Sept. 12, 2019).