IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1990-RGA |
| | ) | |
| EVENFLO COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF WONDERLAND'S MOTION FOR CLARIFICATION
AND/OR RECONSIDERATION OF THE COURT'S APRIL 19, 2023 ORDER**

Plaintiff Wonderland Switzerland AG ("Wonderland") respectfully moves the Court for clarification and/or reconsideration of its recently issued Order (D.I. 218) denying Wonderland's motion to correct final judgment under Rule 60(a) (D.I. 206, "Motion"). While the Order addresses Wonderland's request for an ongoing royalty for *post*-judgment infringement,[1] the Order does not address Wonderland's request to include damages for *pre*-judgment infringement. Wonderland respectfully requests that the Court clarify its Order with regard to pre-judgment infringing sales, and further submits that the Court may correct the final judgment under Rule 60(a) to include an accounting of pre-judgment infringing sales by Defendant Evenflo Company, Inc. ("Evenflo").

In the final judgment, the Court awarded $343,680 to Wonderland based on the sale of 85,920 infringing units by Evenflo. Order 2 n.1 (citing D.I. 188 at 33); *see also* D.I. 204. As the Court acknowledges in its Order, Wonderland sought to correct the final judgment to include "a $4 per unit royalty on all subsequent sales of the infringing products during the life of the infringed

---

[1] Subject to and without waiving Wonderland's right to appeal, Wonderland is not at this time seeking reconsideration of the Court's determinations regarding post-judgment infringement. *See, e.g.*, *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1377 (Fed. Cir. 2017) (a district court may award an ongoing royalty in lieu of an injunction).

1

patents" beyond the 85,920 units addressed at trial. Order 1 (quoting D.I. 206-1, Ex. B ¶ 6). Accordingly, Wonderland's Motion requested both (1) reasonable royalty damages for infringing sales already incurred but not accounted for at trial, and (2) an ongoing royalty for future infringing sales through the life of the infringed patents. *See, e.g.,* D.I. 214 (arguing that "a patent owner is entitled to a reasonable royalty not just for damages proved at trial, but for post-complaint, post-verdict, and post-judgment infringement"). In denying the Motion, the Court explained that "Plaintiff never moved for ongoing royalties and I never found what an appropriate ongoing royalty would be." Order 2. The Court did not expressly address reasonable royalty damages for infringing sales already incurred, but not accounted for at trial. *See generally id.*

Wonderland respectfully submits that the Court should have separately addressed the application of the Court's $4 per unit royalty award to Evenflo's infringing sales completed prior to the final judgment. "There is a fundamental difference … between the granting of retrospective relief and the granting of prospective relief," like an ongoing royalty. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008). An ongoing royalty is a form of forward-looking relief subject to the Court's equitable discretion. *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 35 (Fed. Cir. 2012). The Court may determine that the ongoing royalty rate differs from the reasonable royalty rate awarded at trial based on post-verdict factors and changed circumstances. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1297 (Fed. Cir. 2018). By contrast, a patent owner is ***entitled*** to damages for completed infringing sales at the adjudicated royalty rate. "Under 35 U.S.C. § 284, 'the court *shall* award ... in no event less than a reasonable royalty,' and '[w]hen damages are not found by a jury, the court *shall* assess them.'" *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212 (Fed. Cir. 2010) (emphasis original); *see also id.* at 1212–13 (district court abused its discretion by failing to "award[] compensation for any

infringement" between jury verdict and a permanent injunction, imposing the same royalty rate as in the verdict for that period).

The Court may correct the final judgment under Rule 60(a) to include pre-judgment infringing sales that were mistakenly omitted from the final judgment. Following a bench trial, the Court found infringement by Evenflo and awarded Wonderland a reasonable royalty rate of $4 per infringing unit. D.I. 188 at 33. Thus, the Court does not need to make any further substantive determinations to award Wonderland the pre-judgment damages to which it is entitled. Instead, the Court only needs to correct the final judgment to include an accounting of the additional sales— a "mechanical" act that is not beyond the reach of Rule 60(a). *See Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129–30 (3d Cir. 2005) (Rule 60(a) appropriate to correct errors "mechanical in nature, apparent on the record, and not involving an error of substantive judgment" (quoting *Mack Trucks, Inc. v. Int'l Union, United Auto, Aerospace & Agr. Implement Workers of Am., UAW*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)).

For these reasons and those set forth in Wonderland's Motion and supporting briefs (D.I. 206, 214), Wonderland respectfully requests that the Court reconsider its Order and clarify, consistent with § 284, that Wonderland is entitled to the Court's awarded royalty of $4 per unit for Evenflo's pre-judgment infringing sales.

Respectfully submitted,

/s/ Karen E. Keller
Karen E. Keller (No. 4489)

OF COUNSEL:
Shamita D. Etienne-Cummings
Noah A. Brumfield
David M. Tennant
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorney for Plaintiff*

3

Bijal V. Vakil
Eric E. Lancaster
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
(650) 388-1650

Michelle Wang
James N. Reed
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Dated: May 2, 2023