IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EVENFLO COMPANY, INC.,<br><br>　　　　　Defendant. | Civil Action No. 18-1990-RGA |

MEMORANDUM ORDER

I have before me a motion for clarification and/or reconsideration. (D.I. 219). The relevant sequence of events is this:

- After a bench trial, I issued an opinion on September 29, 2021, finding Defendant's accused products infringed claims of three of Plaintiff's patents, and that Defendant owed Plaintiff damages of $343,680, based on a reasonable royalty of $4 per unit and the number of units being 85,920. (D.I. 188 at 33-34).

- The parties submitted a joint status report on October 6, 2021, stating that the only issue that "needs to be addressed prior to the entry of final judgment" is whether I should grant a permanent injunction. (D.I. 189).

- After briefing, I entered an order on July 5, 2022, denying Plaintiff's motion for a permanent injunction. (D.I. 200).

- On August 22, 2022, I asked the parties to submit a joint status report and a proposed final judgment. (D.I. 201).

- On September 1, 2022, the parties submitted a joint status report stating that "there are no issues that remain pending in this case," along with an agreed-upon proposed final judgment. (D.I. 203).

- The same day, September 1, 2022, I signed the proposed final judgment without change (D.I. 204) and the Clerk of Court marked the case as "closed." The final judgment awarded damages of $343,680 (*id.* ¶ 6); it did not award any damages for sales for units sold between the end of the time period considered by the experts to the time of trial, for sales from the time of trial to the date of the entry of the final judgment, or for any sales made after final judgment. It also did not include pre-judgment or post-judgment

interest. It did provide for the possibility of costs and "exceptional case" attorneys' fees, but only after the appeal was decided or the time had passed for filing an appeal. (*Id.* ¶¶ 9-10).

- On September 22, 2022, Plaintiff filed a "motion to correct final judgment under rule 60(a). (D.I. 206). Plaintiff proposed altering the final judgment, so that it would read, "<u>Judgment is entered in favor of Plaintiff, and against Defendant, that Plaintiff is entitled to damages in the amount of $343,680</u> for the 85,920 units sold through trial, as well as a $4 per unit royalty on all subsequent sales of the infringing products during the life of the infringed patents." The underlined language was in the final judgment; the rest would be new. Plaintiff (which probably did not have the information) did not state how many units had been sold for any time period other than what I had found in my trial opinion (D.I. 188).

- On April 19, 2023, I denied Plaintiff's motion. (D.I. 218). I reasoned that Rule 60(a) only authorizes the correction of a "clerical mistake or a mistake arising from oversight or omission." I described what Plaintiff sought as an "ongoing royalty," and noted that an "ongoing royalty" would not necessarily be the same as the reasonable royalty reached at the hypothetical negotiation.

- Plaintiff filed another motion, this time "for clarification and/or reconsideration of the [denial of the Rule 60(a) motion]. (D.I. 219). The gist of this motion is that, while an ongoing royalty post-judgment might require further analysis and could result in being different than the $4 reasonable royalty, the $4 reasonable royalty would apply to any sales between the end of the time period considered by the experts to the date of the final judgment.

I relied upon Plaintiff to present Plaintiff's case and any arguments it may have had for whatever amount of relief it should be awarded. "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Plaintiff agreed to the language of the final judgment. It did not file any motions of the type I usually see from victorious plaintiffs seeking, for example, an accounting of infringing sales not otherwise accounted for or a proposed calculation of prejudgment interest. It did not present any of the issues it raised after entry of the final judgment.

As best I can tell from what I wrote more than two years ago, I understood Plaintiff's motion (D.I. 206) to emphasize that it was concerned with Defendant's future activities. Plaintiff referred to "all post-trial infringing sales" (*id.* at 1), Defendant being allowed "to continue to knowingly infringe [Plaintiff's] patents" (*id.* at 2), and Defendant's "position [is] that it is free to make infringing post-trial sales" (*id.* at 3). That is what I responded to in my order denying the motion. Plaintiff made no differentiation between pre-final judgment and post-final judgment sales. Plaintiff treated them as a unit; so did I. It was only after I denied Plaintiff's motion that it focused in on the shorter time period for infringing sales. Thus, I don't think I misunderstood Plaintiff's argument. Plaintiff's argument on the present motion was not the focus of its earlier motion. Even if I should have discerned Plaintiff's current position from its earlier submission, however, I would not grant Plaintiff any relief.

Federal Rule of Civil Procedure 60(a) currently reads: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Rule 60(a) used to read, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." The Advisory Committee Notes indicate that the changes in language from the earlier version to the present version were intended only to be "stylistic." Thus, what the Third Circuit wrote in 2005, still holds true: "[Rule 60(a)] is limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.' *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005).

Plaintiff's proposed changes were not to correct a "clerical mistake." They were to award it additional relief that it had not asked for.[1]

The motion for clarification and/or reconsideration (D.I. 219) is DENIED.

_____
United States District Judge

---

[1] Plaintiff notes that in the post-trial briefing it "reserve[d] its rights to seek additional damages through the date of the entry of judgment for sales outside the period considered by the experts." (D.I. 206 at 3, citing D.I. 176 at 33 n.8). Reserving a right to make a motion is not the same thing as actually making the motion.